**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3070-17T1

STATE OF NEW JERSEY,

      Plaintiff-Appellant/
Cross-Respondent,

v.

NEIL RACITI,

      Defendant-Respondent/
Cross-Appellant.

_____

Argued December 13, 2018 – Decided March 19, 2019

Before Judges Simonelli, O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-05-0951.

Patrick F. Galdieri, II, Assistant Prosecutor, argued the cause for appellant/cross-respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the briefs).

Jeffrey S. Farmer argued the cause for respondent/cross-appellant (Mazraani & Liguori, LLP,

attorneys; Jeffrey S. Farmer, of counsel and on the brief).

PER CURIAM

The State appeals from a January 2, 2018 order denying its motion to compel the forfeiture of defendant's position as a sheriff's officer and to permanently bar him from holding any position in the State or in any of its administrative or political subdivisions, as well as from a March 5, 2018[1] order denying its motion for reconsideration of that order. Defendant cross appeals from a December 18, 2017 order denying his motion to vacate the verdict of criminal mischief. We affirm.

I

Defendant waived his right to a trial by jury. We recount the relevant evidence adduced during the bench trial. During the evening of March 29, 2015, A.M.[2] was driving down a dark road in East Brunswick when he admittedly began to tailgate a Mazda in front of him. A.M. hoped that by tailgating, he would induce the driver of the Mazda to speed up. At one point, the driver of the Mazda and A.M. came to a stop at an intersection. Because

---

[1] In its amended notice of appeal, the State indicates it is appealing from a March 6, 2018 order. We assume the State intended to state it was appealing from the March 5, 2018 order.

[2] Because A.M. is a victim, we use initials to protect his privacy.

the trial court found the testimony of A.M. and the three passengers in his car credible, we rely on their testimony to establish what ensued.

A man, later identified as defendant, exited the right front door of the Mazda, charged toward A.M.'s window, and screamed and cursed at A.M. Afraid for his life, A.M. decided to drive away from the scene. In an effort to avoid hitting defendant, A.M. slowly drove his car toward the shoulder so he could drive around the Mazda and continue on his way. When A.M. began to move, defendant punched and cracked A.M.'s windshield.

Angry over the crack in his windshield, A.M. got out of his car and verbally confronted defendant. After the two exchanged words, defendant attempted to place A.M. in what appeared to his passengers to be an "arrest position." A.M. pushed defendant back, and A.M.'s passengers exited the car to help A.M. defend himself.

In response, defendant displayed a badge and stated, "I'm a cop. Don't touch me." A.M. and his passengers immediately "backed up" when they saw the badge. Police arrived on the scene approximately one minute later. Evidence established defendant was a sheriff's officer and his wife the driver of the Mazda. Neither A.M. nor his passengers knew defendant was a sheriff's officer before he displayed his badge.

3

A police officer who responded to the scene testified defendant told him that, after defendant exited the Mazda, A.M.'s car sped up and defendant "guessed" he "must have punched the windshield with the back of [his] hand." Cindy Glaser, an assistant prosecutor of the Middlesex County Prosecutor's Office, testified she spoke to defendant the day after the incident. Defendant told Glaser he and his wife felt threatened when they were being tailgated. Because there was no shoulder on the road, his wife was unable to pull over to permit A.M. to pass. Therefore, his wife stopped the Mazda and A.M. stopped his vehicle.

Defendant claimed he got out of the Mazda, immediately displayed his badge to A.M., and identified himself as a police officer. In response, A.M. sped off. To avoid being struck, defendant jumped out of A.M.'s way and, in the course of doing so, his hand accidentally hit A.M.'s windshield, causing the windshield to crack.

Defendant signed various complaints against A.M. These complaints were not included in the record, but from what we can glean from the record, defendant alleged A.M. committed an act of aggravated assault against him and engaged in the obstruction of justice. The charges against A.M. were subsequently dismissed.

4

Thereafter, defendant was indicted on one count of fourth-degree falsely incriminating another, N.J.S.A. 2C:28-4(a)[3], and four counts of fourth-degree unsworn falsification to authorities, N.J.S.A. 2C:28-3(a). A.M. signed a citizen's complaint-summons against defendant, alleging defendant committed an act of disorderly persons criminal mischief, N.J.S.A. 2C:17-3(a)(2). Specifically, A.M. claimed defendant purposely or recklessly tampered with A.M.'s car so as to endanger A.M., as well as cause A.M. to sustain $300 in property damages when defendant punched A.M.'s windshield.

At the conclusion of the trial, defendant was acquitted of all five counts in the indictment, but was found guilty of disorderly persons criminal mischief. As previously stated, the trial court found A.M.'s and his passengers' testimony credible. The court rejected defendant's claim he accidentally hit the windshield. The court concluded that, when A.M. attempted to drive away

---

[3] At the time defendant was indicted, N.J.S.A. 2C:28-4(a) was a fourth-degree offense. N.J.S.A. 2C:28-4(a) was subsequently amended and, as of January 11, 2016, this subsection states:

> A person who knowingly gives or causes to be given false information to any law enforcement officer with purpose to implicate another commits a crime of the third degree, except the offense is a crime of the second degree if the false information which the actor gave or caused to be given would implicate the person in a crime of the first or second degree.

5

from him as he stood by A.M.'s window, defendant sought to stop A.M. by knowingly punching the windshield, causing damage. The court commented:

> It's highly doubtful that the defendant negligently or recklessly hit the windshield . . . .
>
> When you're standing at the side of a . . . driver['s] side window and you are in the roadway, and then the car starts to pull out[,] I could understand how you could feel . . . that you were about to get [h]it.
> But, human -- normal human behavior would then -- would then be to back away. And this [c]ourt's commonsense draws one to the conclusion that the damage done to the vehicle was not done as a result of a negligen[t] or reckless act because he believed that he was gonna get hit by a car. But, rather it was done [as] I suggested otherwise.
>
> . . . .
>
> And [the evidence] clearly established that the defendant punched the window in such a way, and under such circumstances that the only conclusion that can be made is that the defendant knowingly damaged the windshield of the car driven by [A.M.].

The court subsequently sentenced defendant to a one-year term of probation. Before sentencing, the State filed a motion to: (1) compel the forfeiture of defendant's position as a sheriff's officer, see N.J.S.A. 2C:51-2(a)(2), and (2) permanently bar defendant from holding any position in the State or in its administrative or political subdivisions, see N.J.S.A. 2C:51-2

6

(d). In an oral decision issued on December 18, 2017, the court denied the State's motion, entering an order on January 2, 2018.

In its decision, the court noted that, at the time of the incident, defendant was not on duty as a sheriff's officer, was in plain clothes, and was acting in his personal capacity, motivated by a desire to protect his wife. Further, defendant did not mention to A.M. or his passengers that he was a sheriff's officer or display his badge until after he damaged A.M.'s windshield, and then did so only to gain control of "the situation, rather [than] perform any official duty directly related to his responsibilities as [a] sheriff's officer." Citing State v. Hupka, 203 N.J. 222 (2010), the court concluded that because the offense defendant committed did not directly or specifically relate to his position as a sheriff's officer, the court lacked the authority to grant the relief sought by the State.

The State filed a motion for reconsideration, essentially arguing the trial court erred by relying on the Hupka Court's interpretation of N.J.S.A. 2C:51-2. The trial court rejected the State's argument and denied the motion.

Defendant filed a motion to vacate the conviction, arguing, among other things, that he was not on notice the charge for criminal mischief was going to be joined with the indictable offenses. In an oral decision issued on December

7

18, 2017, the court denied defendant's motion, entering an order on January 2, 2018.

The court's principal reason for denying defendant's motion was <u>Rule</u> 3:15-3(a) requires the court to "join any pending non-indictable complaint for trial with a criminal offense based on the same conduct or arising from the same episode."  Because he knew or should have known of <u>Rule</u> 3:15-3, the court found defendant was aware the criminal mischief charge was going to be tried with the indictable offenses, and thus should have been prepared to defend himself against the criminal mischief charge, accordingly.

II

On appeal, the State asserts the following argument for our consideration.

> <u>POINT I</u>: BECAUSE DEFENDANT'S CONVICTION INVOLVED AND TOUCHED UPON HIS POSITION AS A SHERIFF'S OFFICER, [THE TRIAL COURT] ERRED IN DENYING THE STATE'S MOTION FOR FORFEITURE OF OFFICE AND PERMANENT DISQUALIFICATION.

The trial court's decision to deny the State's motion to compel defendant to forfeit his position as a sheriff's officer, as well as permanently bar him from holding any position in this State or in a political subdivision, is not entitled to deference, because that court's decision was based upon its

8

"interpretation of the law and the legal consequences that flow from established facts[.]" <u>Manalapan Realty, L.P. v. Twp. Comm.</u>, 140 N.J. 366, 378, (1995). Therefore, de novo review is required. <u>See</u> <u>Hupka</u>, 203 N.J. at 231.

However, we affirm a trial court's factual findings if they "could reasonably have been reached on sufficient credible evidence present in the record" as a whole. <u>State v. Locurto</u>, 157 N.J. 463, 471 (1999) (quoting <u>State v. Johnson</u>, 42 N.J. 146, 162 (1964)). Generally, we defer to a trial court's factual findings because they are substantially influenced by such court's "opportunity to hear and see the witnesses and have the 'feel' of the case, which we do not enjoy upon appellate review." <u>State ex. rel. D.M.</u>, 451 N.J. Super. 415, 424 (App. Div. 2017) (quoting <u>State ex rel. S.B.</u>, 333 N.J. Super. 236, 241 (App. Div. 2000)).

N.J.S.A. 2C:51-2(a)(2) states in relevant part:

> a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office, position or employment if:
>
> . . . .
>
> (2) He is convicted of an offense involving or touching such office, position or employment[.]

9

. . . .

> As used in this subsection, "involving or touching such office, position or employment" means that the offense was related directly to the person's performance in, or circumstances flowing from, the specific public office, position or employment held by the person.
>
> [(Emphasis added).]

N.J.S.A. 2C:51-2(d) provides:

> In addition to the punishment prescribed for the offense, and the forfeiture set forth in subsection a. of N.J.S.2C:51-2, any person convicted of an offense involving or touching on his public office, position or employment shall be forever disqualified from holding any office or position of honor, trust or profit under this State or any of its administrative or political subdivisions. As used in this subsection, "involving or touching on his public office, position or employment" means that the offense was related directly to the person's performance in, or circumstances flowing from, the specific public office, position or employment held by the person.
>
> [(Emphasis added).]

Thus, pursuant to the forfeiture statute, N.J.S.A. 2C:51-2(a)(2), an employee convicted of a criminal offense must forfeit his position if he is convicted of an offense involving or touching his employment. "Involving or touching" a person's employment means the offense was related directly to his

10

performance in, or circumstances flowing from, the specific public employment held by the employee. N.J.S.A. 2C:51-2(a).

Pursuant to the disqualification statute, see N.J.S.A. 2C:51-2(d), a person convicted of an offense involving or touching on his public employment shall be forever disqualified from holding any office or position of honor, trust or profit under this State or any of its administrative or political subdivisions. The definition of "involving or touching" in N.J.S.A. 2C:51-2(d) is the same as that in N.J.S.A. 2C:51-2(a)(2).

The language emphasized in the above-cited passages, which was added by the Legislature in 2007, was closely examined by the Court in Hupka. In that matter, the defendant, both a sheriff's officer and part-time police officer, pled guilty to fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b). In his plea allocution, the defendant admitted he touched the victim's intimate parts, including her buttocks, without her consent for purposes of his own sexual gratification. It was not disputed that, at the time of the incident, the defendant was neither on duty nor in uniform.

The defendant voluntarily resigned from his positions as a sheriff's officer and police officer, but he did not agree to a statutory forfeiture of these positions pursuant to N.J.S.A. 2C:51-2(a)(2), or to a permanent

11

disqualification of public employment pursuant to N.J.S.A. 2C:51-2(d). The

defendant and the State agreed the trial court would decide the applicability of

N.J.S.A. 2C:51-2(a)(2) and (d).

The trial court determined the defendant's conviction was contrary to the

defendant's duty to protect and to serve the community he was to serve, and

ordered the defendant's forfeiture of and permanent disqualification from

public office pursuant to N.J.S.A. 2C:51-2. A divided Appellate Division

panel reversed, see State v. Hupka, 407 N.J. Super. 489, 493 (App. Div. 2009),

and the Court affirmed the Appellate Division majority. 203 N.J. at 243.

In its analysis of the subject language, the Court cited the legislative

history of the 2007 amendment to N.J.S.A. 2C:51-2, noting the Legislature had

explained the proposed language

> amends current law concerning forfeiture of public
> office to include a definition of the phrase concerning
> crimes and offenses "involving or touching" public
> office or employment, in accordance with the
> definition set forth by the New Jersey Supreme Court
> in McCann [v. Clerk of Jersey City,] 167 N.J. 311[,]
> [771 A.2d 1123] (2001). It provides that a crime or
> offense "involving or touching" public office or
> employment means that the crime or offense was
> related directly to the person's performance in, or
> circumstances flowing from, a specific public office or
> position held by the person. As the Supreme Court
> stated in McCann: "When an individual commits a
> crime wholly unrelated to his or her public office, the

12

crime ordinarily cannot be characterized as involving or touching on the public office."

[Hupka, 203 N.J. at 234 (emphasis added) (quoting S. 14, 212th Leg. (N.J. 2007); Assemb. 20, 212th Leg. (N.J. 2008)).]

The Court concluded that a trial court considering an application for forfeiture and disqualification for an offense "involving or touching public office pursuant to N.J.S.A. 2C:51-2(a) and (d) must examine the relationship between the exact offense committed and the particular position held by the individual convicted in order to reach a conclusion that the commission of the offense had some direct connection to the office held." Hupka, 203 N.J. at 233.

Hupka further noted permanent disqualification from a public office or employment should not be ordered merely because the criminal conduct at issue appears to be incompatible with the traits of trustworthiness, honesty, integrity and obedience to law and order that are expected of a public employee. Id. at 237-39.

In affirming the conclusion of the Appellate Division majority that permanent forfeiture of office was unwarranted in Hupka, the Court quoted with approval a portion of that opinion, in which we reasoned:

13

Turning to the circumstances of this case, we conclude that defendant's offense clearly did not directly relate to his "performance in" the position of sheriff's officer or police officer. The offense occurred while off-duty, in a private home involving someone defendant knew, as opposed to a member of the public, and had no nexus to his positions in law enforcement. Nor was defendant's offense "related directly to circumstances flowing from" his positions. Defendant did not use or threaten the use of his offices in any way to commit the offense. He did not display or utilize any indicia of his offices at any time. The offense was not related to any circumstance that flowed from defendant being a sheriff's officer or a police officer.

[Id. at 239 (quoting Hupka, 407 N.J. Super. at 509-10).]

The Court thus rejected the argument the commission of a sexual offense by a police officer is "incompatible with his duty as a law enforcement officer[,]" and thus requires the permanent forfeiture of office. Id. at 240. The Court also rejected the State's argument that because the defendant engaged in conduct incompatible with the traits of character expected of a police officer, the offense necessarily "involved" or "touched upon" his office. Id. at 243. The Court reasoned:

[D]efendant's factual circumstances do not support an "involving or touching" conclusion in respect of his offense. Defendant did not use his office or its trappings in any way in the commission of his offense. We reject application of some ill-defined

14

> incompatibility-with-duties analysis . . . untethered to its specific facts[.]
>
> [Id. at 242-43.]

Here, in order to compel defendant's forfeiture of office and permanent disqualification under N.J.S.A. 2C:51-2, the act found to be criminal mischief – the punching of A.M.'s windshield – must have been one that was related directly to his performance in, or circumstances flowing from, his employment as a sheriff's officer. See N.J.S.A. 2C:51-2(a) and (d). We agree with the trial court the requisite nexus does not exist.

The trial court found as fact that, at the time he struck A.M.'s windshield, defendant was not on duty and, when he emerged from his car to confront A.M., his goal was to protect his wife. The dispute between defendant and A.M. was private. The court did not find defendant was performing any of his employment duties when he punched the windshield.

Although there was testimony defendant himself claimed he had announced he was a sheriff's officer and displayed his badge to A.M. before striking the windshield, the court rejected such testimony and found otherwise. The court credited A.M.'s and his passengers' testimony defendant did not mention he was a sheriff's officer or flash his badge until after he had struck the windshield and A.M. and his passengers exited A.M.'s car.

15

The court further found that when defendant subsequently stated he was a sheriff's officer and displayed his badge, it was done with a purpose to defuse rising tensions and attain control over "the situation, rather [than] perform any official duty directly related to his responsibilities as [a] sheriff's officer." We understand that stating he was a sheriff's officer and showing his badge bore some relationship to his position, but it is defendant's act of punching A.M.'s windshield that is at issue here, and that occurred before defendant advised A.M. and his passengers of his occupation.

Mindful that both the Legislature and our Supreme Court have endorsed a narrow construction of the "touching and involving" provision of the forfeiture statute, we cannot conclude the trial court erred. Committing the act of criminal mischief under these particular facts did not fall within the scope of N.J.S.A. 2C:51-2(a)(2) and (d), because the striking of A.M.'s windshield was not "related directly to [defendant's] performance in, or circumstances flowing from" his position as a sheriff's officer. Ibid.

To the extent we have not addressed a specific argument advanced by the State, it is because we deemed it to be without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

16

In his cross appeal, defendant asserts the following for our consideration:

> POINT I: FUNDAMENTAL PRINCIPLES OF DUE PROCESS DEMAND THAT THE GUILTY VERDICT BE VACATED AND THE MATTER BE REMANDED TO THE MUNICIPAL COURT FOR A NEW TRIAL

As previously stated, in his motion before the trial court, defendant argued he was prejudiced because he did not know the criminal mischief charge was going to be tried with the indictable ones. He contended the circumstances warranted the conviction for criminal mischief be vacated and the matter remanded to the municipal court for a new trial. On appeal, he reprises essentially the same arguments.

For substantially the same reasons articulated by the trial court in its December 18, 2017 oral decision, we reject defendant's contentions and affirm the trial court's order denying defendant's motion to vacate the conviction. We merely note Rule 3:15-3(a)(1) requires joinder of any pending non-indictable complaint with those offenses that are "based on the same conduct or arising from the same episode," which was the case here. Defendant was on notice the criminal mischief charge would be tried before the Superior Court along with the indictable offenses.

17

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

18